IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STORMY GOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 18-953 |
| | ) | |
| ALL BUT FURGOTTEN HUMANE | ) | |
| RESCUE a non-profit organization, | ) | |
| ERIN CASSIDY, ANDREA PALMER, | ) | |
| CASSIE WILSON, JOHN DOE, and) | ) | |
| JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Plaintiff Stormy Gower brings this civil rights action under 42 U.S.C. § 1983, alleging that the Defendants violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution by conducting an unlawful search of her property and by an illegal seizure of property based upon false allegations. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6). ECF No. 23. The Court heard oral argument on the Motion on January 24, 2019. After careful consideration of the parties' positions, and for the following reasons, the Motion to Dismiss is granted, without prejudice.

## I.    BACKGROUND

### A.   Procedural History

Ms. Gower initially filed a Complaint on July 20, 2018, against All But Furgotten Humane Rescue, Erin Cassidy, Andrea Palmer, Cassie Wilson, and John Doe and Jane Doe (the "Doe Defendants"). ECF No. 1. The Doe Defendants have not been served. Defendants All But Furgotten Humane Rescue, Erin Cassidy, Andrea Palmer, and Cassie Wilson (collectively "Defendants") responded to the Complaint by filing a Motion to Dismiss the Complaint. ECF

No. 6. In response, Ms. Gower filed a Brief in Opposition (ECF No. 17), as well as a Motion to Amend her Complaint (ECF No. 16), which she argued addressed some of the well-founded arguments in the motion to dismiss. The Court granted Ms. Gower's motion to amend, and Ms. Gower filed her Amended Complaint on November 28, 2018. ECF No. 20.

In response, Defendants filed a second motion to dismiss the Amended Complaint, ECF No. 23. Again, Ms. Gower filed a motion to amend her amended complaint, ECF No. 25, with an attached proposed Second Amended Complaint, ECF No. 25-1, which she contended rendered moot the Defendants' well-founded argument to dismiss her Fourth Amendment claim. See ECF No. 25, at ¶ 3 (citing ECF No. 25-1, at ¶¶ 13-14). In her proposed Second Amended Complaint, Ms. Gower also sought to add state law claims of trespass, intentional infliction of emotional distress, and conversion against the named Defendant humane society police officers. ECF no. 25, at ¶ 4 (citing ECF No. 25-1, at ¶¶ 37, 66-80). Ms. Gower also filed a Brief in Opposition to address Defendants' remaining arguments, ECF No. 26. The Court denied the Motion to Amend the Amended Complaint and set oral argument on the Motion to Dismiss.

**B. Factual Background**

Plaintiff Stormy Gower is the owner of Thundering Hill Farm in Yukon, Westmoreland County, Pennsylvania. Am. Compl. ¶ 11. Ms. Gower maintains various animals on her farm for business and personal use. Am. Compl. ¶ 11. Defendant All But Furgotten Humane Rescue is a Pennsylvania non-profit with the purpose of the prevention of cruelty to animals. Am. Compl. ¶ 6. Defendants Erin Cassidy, Andrea Palmer, and Cassie Wilson (the "named Defendants") are humane society police officers acting on behalf of Defendant All But Furgotten Humane Rescue. Am. Compl. ¶¶ 7-9.

In her Amended Complaint, Ms. Gower alleges that the unnamed Doe Defendants, allegedly residents of Westmoreland County, Pennsylvania, made false allegations to at least one of the humane society police officers. Am. Compl. ¶¶ 10, 12. Ms. Gower alleges that not only were the statements, made by the Doe Defendants, false, but also that the officers knew the allegations were false. Am. Compl. ¶¶ 12-13.

Ms. Gower alleges that, on February 6, 2018, the humane society police officers conspired with the Doe Defendants to unlawfully enter upon Ms. Gower's property, whereupon they conducted an unlawful, warrantless search of her farm at a time when Ms. Gower was not at home. Am. Compl. ¶¶ 13-14. When Ms. Gower returned to her property, Defendant Palmer presented her with a search warrant. Am. Compl. ¶ 15. Ms. Gower alleges the search warrant was invalid, in part, because it did not permit a nighttime search, and because it was based on an insufficient affidavit of probable cause, which included false allegations and insufficient facts to establish probable cause. Am. Compl. ¶¶ 15-16. Ms. Gower contacted the Pennsylvania State Police. Am. Compl. ¶ 17. The Pennsylvania State trooper, who responded to Ms. Gower's complaint, informed the humane society police officers that the warrant was invalid. Am. Compl. ¶ 17.

The humane society police officers left the property, obtained a second search warrant, and returned to Ms. Gower's property to execute that warrant. Am. Compl. ¶ 19. Ms. Gower alleges that the second warrant was also invalid, as it also relied upon an insufficient affidavit of probable cause, although it did provide for a nighttime search. Am. Compl. ¶ 19. As a result of the execution of the second search warrant, the Defendants seized various animals from Ms. Gower's property, in addition to cats that had been seized during the execution of the first warrant. Am. Compl. ¶ 20. At some time during the execution of the second warrant, the

Pennsylvania State Police trooper informed the Defendants that the seizure of the animals was illegal and improper and advised them to return the animals to Ms. Gower, but they did not return the animals. Am. Compl. ¶ 21.

Plaintiff further alleges that, on February 27, 2018, Ms. Gower demanded the return of her animals. Am. Compl. ¶ 24. On or about March 11, 2018, some of the animals were returned to Ms. Gower, but her dog was not returned. Am. Compl. ¶¶ 25-26, 28.

Ms. Gower sets forth a claim for an unlawful search and seizure, in violation of her constitutional rights under 42 U.S.C § 1983 and the Fourth Amendment (Count I); a reckless investigation claim, in violation of her constitutional rights under 42 U.S.C § 1983 and the Fourteenth Amendment (Count II); and a conspiracy claim, in violation of her constitutional rights under 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments (Count III). In addition, Ms. Gower claims that All But Furgotten Humane Rescue is liable, based upon its failure to properly train, control, discipline or supervise Defendants Cassidy, Palmer, and Wilson, which created a substantial risk of the constitutional violations that occurred. Am. Compl. ¶¶ 31-33. Ms. Gower seeks compensatory and punitive damages, as well as injunctive and declaratory relief.

## I.    STANDARD OF REVIEW

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

4

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir.2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)); see also Connelly v. Lane Const. Corp., 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing Foglia v. Renal Ventures Mgmt., *LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. Morse v. Lower Merion School District, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. Maio v. Aetna, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326–327, (1989).

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## II.    DISCUSSION

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C.A. § 1983.

### A.    Section 1983 Claim- State Actors

Defendants first argue that Ms. Gower cannot state a section 1983 claim, because the Defendants were not acting under color of state law. In this case, Ms. Gower alleges that the named humane society police officers executed a search warrant they obtained from a magistrate judge. Pennsylvania defines a "Humane society police officer" as "[a]ny person who holds a current appointment under this chapter to act as a humane society police officer for a society or association for the prevention of cruelty to animals." 22 Pa. Cons. Stat. § 3702. The District Court in Allen v. Pennsylvania Soc. for Prevention of Cruelty to Animals, in ruling on a motion

to dismiss, found that humane society police officers were found to be acting under color of state law at the motion to dismiss stage. 488 F. Supp. 2d 450, 462 (M.D. Pa. 2007). The Court explained that humane society entities are "statutorily authorized to enforce Pennsylvania laws pertaining to criminal cruelty-to-animals violations under 18 Pa. Cons. Stat. § 5511." Id. The Court further found that the individually named humane society police officers were authorized to enforce Pennsylvania's criminal cruelty laws, and therefore satisfied the "acting under color of state law" requirement. Id. The Allen Court referred to 18 Pa. Cons. Stat. § 5511; however, this statute was repealed and replaced by 18 Pa. Cons. Stat. §§ 5531 to 5561, effective August 28, 2017, which replacement provisions contain the relevant statutory authority for humane society officers. See 18 Pa. Cons. Stat. Chapter 55, Subchapter B. Cruelty to Animals. With regard to the execution of search warrants by humane society officers, the Superior Court of Pennsylvania has stated that such officers' "actions are regulated by the Rules of Criminal Procedure, by the probable cause requirement for the issuance of search warrants, and by the added constraints of case law." Com. v. Barnes, 629 A.2d 123, 127 (Pa. Super. Ct. 1993).

Section 5551 of Title 18 provides that, an "agent of a society or association for the prevention of cruelty to animals, incorporated under the laws of this Commonwealth, shall have the same powers to initiate criminal proceedings provided for police officers by the Pennsylvania Rules of Criminal Procedure, and "shall have standing to request a court of competent jurisdiction to enjoin a violation of this subchapter." 18 Pa. Con. Stat. § 5551. With regard to search warrants, the statue states:

> Where a violation of this subchapter is alleged, an issuing authority may, in compliance with the applicable provisions of the Pennsylvania Rules of Criminal Procedure, issue to a police officer or an agent of a society or association for the prevention of cruelty to animals duly incorporated under the laws of this Commonwealth a search warrant authorizing the search of a building or an enclosure in which a violation of this subchapter is occurring or has occurred and

authorizing the seizure of evidence of the violation, including, but not limited to, the animals which were the subject of the violation.

18 Pa. Cons. Stat. § 5553. With regard to search warrant applications by humane society police officers, Pennsylvania law further provides that, "[n]otwithstanding contrary provisions of 18 Pa. Cons. Stat. Ch. 55 Subch. B (relating to cruelty to animals) and in addition to the requirements of existing law, all search warrant applications filed in connection with alleged violations of cruelty to animals laws must have the approval of the district attorney in the county of the alleged offense prior to filing." 22 Pa. Cons. Stat. § 3710.

Defendants rely on Chambers v. Doe, 453 F. Supp. 2d 858, 872 (D. Del. 2006), which stated that the "S.P.C.A. and its employees are private individuals engaged in the prevention of cruelty to animals under the umbrella of a private non-profit organization [and] are not 'clothed with the authority of state law.'" However, the conduct in Chambers is qualitatively different than the alleged conduct of the named humane society police officers in this case. In Chambers, after the plaintiff's dog was shot and killed by a police officer executing a warrant, law enforcement contacted the S.P.C.A. to take possession of the dog's body. This was the only involvement of the humane society police officers in the Chambers case; i.e., taking possession of the dog's body only after events were conducted by law enforcement. The humane society police officers had no involvement with the conduct leading up to the execution of the warrant, and they were not present during the execution of the warrant.

Whether a humane society officer, named as defendant, is deemed to be acting under color of state law must be determined based on the alleged conduct in each case. The present allegations, that the humane society police officers obtained and executed search warrants from a magistrate judge, are sufficient at this stage of the proceedings to support a claim that the officers were acting under color of state law.

**B.      Section 1983 Claim for Unlawful Search and Seizure**

Assuming that the named Defendants are state actors, Defendants next argue that Ms. Gower has failed to sufficiently state a section 1983 claim for an unlawful search and seizure. To establish a section 1983 claim, challenging a search warrant as invalid based upon alleged false statements contained in the affidavit of probable cause, "the plaintiff must prove, by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir.1997) (citing Franks v. Delaware, 438 U.S. 154, 171–72 (1978)); see also Allen, 488 F. Supp. 2d at 464.

Defendants argue that the allegations of the Amended Complaint are conclusory, and that Ms. Gower also (i) fails to identify the affidavit false statements the named Defendants knew were false; (ii) fails to allege that the false statements were material to the finding of probable cause; (iii) fails to allege that one of the humane society police officers provided a false statement in order to obtain the search warrant; and (iv) fails to provide any information regarding the preparation for either of the search warrants.

Ms. Gower concedes that Defendants raise legitimate issues with respect to her Fourth Amendment claim and asserts that any deficiencies are cured in the proposed Second Amended Complaint by the added factual allegations, "material to her unlawful search and seizure claim." Pl. Br. Opp. 3. Specifically, Ms. Gower has added the following allegations to her proposed Second Amended Complaint to attempt to cure the deficiencies of her Amended Complaint Fourth Amendment claim:

> 13.    [The Doe Defendants'] allegations included, but were not limited to, a "complaint of chicken in view […]"  This allegation was, and is, patently false.

Plaintiff's chickens were not kept in plain view. Rather, the chickens were kept and maintained under proper, lawful and humane conditions, in a chicken coop that cannot be viewed from public property.

14. The allegations further included, but were not limited to, a complaint of "dog not moving, in plain view […]" This allegation was, and is, patently false. Plaintiff's dogs were not kept in plain view. Rather, Plaintiff's dogs were kept and maintained under proper, lawful and humane conditions in locations that cannot be viewed from public property.

Proposed Second Am. Compl. ¶¶ 13-14, ECF No. 25-1.

While Ms. Gower's proposed Second Amended Complaint's additional factual allegations identify two alleged false statements, her claim remains deficient. She still fails to allege that the false statements were material to the finding of probable cause, such that if the statements were excised from the affidavit, the remaining allegations in the affidavit would not support a finding of probable cause. Finally, while the allegations fairly imply that the Doe Defendants' alleged false statements, which were provided to at least one of the humane society police officers, were used by an officer in an affidavit of probable cause in order to obtain the search warrant, Ms. Gower fails to make this allegation. Accordingly, Defendants' motion to dismiss Ms. Gower's section 1983 search and seizure claim is granted, without prejudice. Ms. Gower will be given leave to amend her Amended Complaint.

### C. Section 1983 Claim for Reckless Investigation

Next, Defendants move to dismiss Ms. Gower's reckless investigation claim, arguing first that such a claim is not recognized by the United States Court of Appeals for the Third Circuit; and, even is the claim is recognized, Ms. Gower fails to state a claim upon which relief can be granted.

In Johnson v. Logan, the Third Circuit Court affirmed the District Court's grant of summary judgment upon plaintiff's claim of reckless investigation "substantially for the reasons

set forth by the District Court." 721 F. App'x 205, 208 (3d Cir. 2018). The Court specifically

noted that the District Court found a lack of evidence of intentional, reckless, or conscience-

shocking behavior. Id. In a footnote, the Court stated: "We note, without deciding, that we have

significant doubts about whether there is an independent substantive due process right to be free

from a reckless investigation." Id. at 208 n.9. In considering a reckless investigation claim post-

Johnson, Judge Fischer noted that, "[b]ecause the Johnson Court made no decision on the

viability of a cause of action for reckless investigation, Johnson does not dictate the dismissal of

the reckless investigation claim in this case." Kevin H. v. Redstone Twp., No. CV 18-454, 2018

WL 5619708, at *4 (W.D. Pa. Oct. 30, 2018) (Fischer, J.). Thus, District courts in this District

have considered reckless investigation claims as potentially viable claims, while also noting that

the claim has not been recognized by the Court of Appeals. See, e.g., Doe v. Plum Borough Sch.

Dist., No. 2:17-CV-00032, 2017 WL 3492542 (W.D. Pa. Aug. 15, 2017); K.L.Q. v. Plum

Borough Sch. Dist., 2016 WL 2892174 (W.D. Pa. May, 17, 2016); Johnson v. Logan, No. CV

14-1230, 2016 WL 7187842 (W.D. Pa. Dec. 12, 2016); and Thomas v. Stanek, No. 2:14-cv-

1415, 2015 WL 757574 (W.D. Pa. Feb. 23, 2015). As such, until the Third Circuit Court

definitively rules that such claims cannot be brought, this Court will consider reckless

investigation claim.

Defendants also argue that Ms. Gower's due process claim for reckless investigation still

must be dismissed, because she fails to state a plausible claim for relief. To state a due process

claim for reckless investigation, "a plaintiff must show that a police officer acted intentionally or

recklessly, in a manner that shocks the conscience, in failing to investigate." Stanek, 2015 WL

757574, at *7. "'Failure to investigate is considered in tandem with the strength or weakness of

the probable cause evidence.'" Johnson, 2016 WL 7187842, at *6 (quoting Stanek, 2015 WL

757574, at *7). Defendants argue that the allegations of the Amended Complaint are conclusory. For example, Ms. Gower avers that "Defendants knew, or should have known, that there was no lawful basis upon which to investigate Plaintiff, nor to obtain a search warrant for Plaintiff's property, nor to search nor to seize nor to retain Plaintiff's property." Defs.' Br. 10 (quoting Am. Compl. ¶51). Defendants argue that Ms. Gower's allegation of a reckless investigation is in reality a claim for *negligent* investigation. In such case, allegations, that a neutral detached magistrate issued two search warrants, contradict the Plaintiff's position that the investigation was reckless. More specifically, Defendants claim that Plaintiff's allegations, purporting to state a claim for a reckless investigation, (i) fail to identify what statements were made by the Doe Defendants; (ii) fail to allege how the Doe Defendants' statements were false; (iii) fail to allege why or how the humane society police officers should have concluded the statements were false; and (iv) why the humane society police officers should have had serious reservations about such statements. Finally, Defendants argue that the allegations fail to provide more than a conclusory statement as to why or how the humane society police officers' investigation of the Doe Defendants' statements "shocks the conscience." According to Defendants, such allegations are "bald assertions" and "legal conclusions" that should not be credited. Defs.' Br. 11 (citing Burlington Coat Factory SEC Litigation, 114 F.3d. 1410, 1429-30 (3d Cir. 1997)).

Ms. Gower argues that she has sufficiently stated a claim through her following allegations:

- The Doe Defendants made false allegations to the humane society police officers
- The humane society police officers knew the allegations were false
- The humane society police officers entered Ms. Gower's residence to conduct an unlawful, warrantless search;
- The humane society police officers obtained legally insufficient search warrants by relying on the false statements; and

- The allegations in the affidavits of probable cause prepared by the humane officer(s) to support the search warrants were materially false and known by the officers to be materially false.

Pl. Br. Opp. 5-6 (citing Am. Compl. ¶¶ 12, 14-16, 18-20, & 22-23). Ms. Gower has not yet pleaded allegations to identify the nature of the alleged false statements, and she concedes that she must provide them in order to state a claim. See ECF No. 25, at ¶ 2 (seeking to amend the Amended Complaint "to respond to legitimate issues raised" in the motion to dismiss); Proposed Second Am. Compl. ¶¶ 13-14. Accordingly, the Amended Complaint is deficient, at a minimum, for failing to allege the false statements. The claim also fails to provide sufficient supporting allegations regarding how and why the humane society police officers knew the Doe Defendants' statements were false, and how the officers' conduct, in performing their investigation, "shocks the conscience." Ms. Gower does not sufficiently plead any claim for reckless investigation. Said claim is therefore dismissed, without prejudice.

### D. Conspiracy Claim

Defendants next move to dismiss Ms. Gower's conspiracy claim, arguing that it fails to sufficiently allege facts to support an agreement among the alleged co-conspirators, and it fails to allege the time period of the conspiracy and the object of the conspiracy. In response, Ms. Gower relies upon her allegations and argues that they support a sufficiently plead claim. Ms. Gower's response, however, demonstrates that her allegations are not sufficient to state a claim for conspiracy. Ms. Gower cites to the same paragraphs in her Amended Complaint that she relied upon to support her reckless investigation claim. As regards her conspiracy claim, Plaintiff relies on the following allegations:

- The named Defendants conspired with one another to violate her constitutional rights;
- The Doe Defendants contacted the humane society police officers to make false allegations to them;

- The humane society police officers knew the allegations were false;
- The humane society police officers entered Ms. Gower's residence to conduct an unlawful, warrantless search;
- The humane society police officers obtained legally insufficient search warrants by relying on the false statements; and

Pl. Br. Opp. 7 (citing Am. Compl. ¶¶ 12-16, 18-20, & 22). In support of her conspiracy claim she also referenced allegations from paragraph 13.

The Court agrees with Defendants that Ms. Gower has failed to sufficiently plead a conspiracy claim. She does not allege facts to establish that the Doe Defendants and the named Defendants conspired with one another. While she alleges her conclusion that the humane society police officers conspired with one another, she does not allege facts as to how they conspired with one another in any manner that differentiates their communications from mere co-worker communications. The Amended Complaint contains no allegations of facts to support the existence of a conspiratorial agreement between the Defendants; therefore, the motion to dismiss Ms. Gower's conspiracy claim is granted.

E. **Monell Claim**

In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that local governments are "persons" subject to suit under § 1983 under certain circumstances. "To plead a municipal liability claim, a plaintiff must allege that 'a [local] government's policy or custom . . . inflict[ed] the injury' in question." Estate of Roman v. City of Newark, No. 17-2302, 2019 WL 348658, at *5 (3d Cir. Jan. 29, 2019) (quoting Monell, 436 U.S. at 694.) "Although a policy or custom is necessary to plead a municipal claim, it is not sufficient to survive a motion to dismiss." Id. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." Id. (citing Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996)). Proximate cause sufficient to survive a motion to dismiss may be shown

by alleging "an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges." Id. (quoting Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). An 'affirmative link' for an alleged custom is shown through allegations that the defendant "had knowledge of 'similar unlawful conduct in the past, . . . failed to take precautions against future violations, and that [its] failure, at least in part, led to [plaintiff's] injury." Id. (quoting Bielevicz, 915 F.2d at 851).

Ms. Gower bases her section 1983 municipal liability claim on All But Furgotten Human Rescue's alleged failure-to-train. To properly plead a failure-to-train claim, Ms. Gower "must demonstrate that [All But Furgotten Humane Rescue's] failure to train its employees 'reflects a deliberate or conscious choice.'" Estate of Roman, 2019 WL 348658, at *5 (quoting Brown v. Muhlenberg Twp., 269 F.3d 205, 215 (3d Cir. 2001)). In addition, for section 1983 liability to exist, the failure to train must, "amount[] to deliberate indifference to the rights of persons with whom the police come into contact." Id. (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). As recently explained by the United States Court of Appeals for the Third Circuit:

> A plaintiff sufficiently pleads deliberate indifference by showing that '(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.'

Estate of Roman, 2019 WL 348658, at *5 (quoting Doe v. Luzerne County, 660 F.3d 169, 180 (3d Cir. 2011)).

Defendant moves for dismissal of Ms. Gower's failure-to-train municipal liability claim against All But Furgotten Humane Rescue, arguing that Ms. Gower provides only bald conclusory allegations of improper training and inadequate supervision that need not be credited. Defs.' Br. 14-15 (citing Kauffman v. Pennsylvania Soc. for the Prevention of Cruelty to

Animals, 766 F. Supp. 2d 555, 562 (E.D. Pa. 2011) (plaintiff "baldly asserts" a pattern and

practice of unlawful and improper behavior with no supporting factual averments).  The relevant

allegations, from Ms. Gower's Amended Complaint, are as follows:

> 30. As a result of the aforementioned incidents, Plaintiff believes, and therefore
> avers, that Defendant All But Furgotten was aware of the illegal conduct of
> Defendants Cassidy, Palmer and Wilson.
>
> 31. Defendant All But Furgotten has a duty to properly train, control, discipline
> and/or supervise its agents, Defendants Cassidy, Palmer and Wilson.
>
> 32. Defendant All But Furgotten failed to properly train, control, discipline and/or
> supervise its agents, Defendants Cassidy, Palmer and Wilson, in investigating,
> charging and/or prosecuting crimes related to animal neglect in a manner that
> does not violate the civil rights of a suspect.
>
> 33. Defendant All But Furgotten's failure to properly train, control and/or
> supervise Defendants Cassidy, Palmer and Wilson created a substantial risk of the
> constitutional violations identified herein.

Am. Compl. ¶¶ 30-33.

Ms. Gower does not explicitly allege facts that All But Furgotten's failure to train its

employees reflects a deliberate or conscious choice, that led to the violation of constitutional

rights.  Estate of Roman, 2019 WL 348658, at *5.  However, this court does not conclude that

any attempt for Plaintiff to cure the pleading deficiency would be futile.  In her Amended

Complaint, Plaintiff alleges that All But Furgotten Humane Rescue failed to properly train its

employees in investigating, charging and prosecuting crimes related to animal neglect in a

manner that does not violate the civil rights of a suspect.  Should she choose to reassert this

claim, Ms. Gower must explicitly allege facts that All But Furgotten Humane Rescue engaged in

a custom, practice, or policy that was the moving force behind the alleged constitutional

violations.  In other words, she must plead facts as to how the organization inadequately trained

and prepared the humane society police officers, which amounts to a deliberate indifference to

Ms. Gower's constitutional rights in this case.  See Allen, 488 F. Supp. 2d at 463 (Monell claim

sufficient to survive motion to dismiss where allegations were humane society allowed officers to continue a course, pattern, and practice of improper, unlawful, and malicious conduct, and that it ratified, endorsed, acquiesced in, or approved the officers' actions, which caused the violations).  See also Estate of Roman, 2019 WL 348658, at *7 (failure to train claim survives motion to dismiss where allegations were, inter alia, a failure to train on obtaining search warrant; failure to train on issuing truthful investigative reports; failure to supervise and manage officers; and failure to discipline officers).

### F. Qualified Immunity Defense

Defendants also argue that the individual officers are entitled to qualified immunity because their conduct followed the issuance of a search warrant by a detached neutral magistrate. Defendants argue that, the fact that the humane society police officers acted upon a search warrant issued by a neutral magistrate, is sufficient to establish that the officers are entitled to qualified immunity.  Defs.' Br. 17-18 (citing Messerschmidt v. Millender, 565 U.S. 535 (2012). Defendants also reference Pennsylvania law, which states that, a "humane society police officer acting in good faith and within the scope of the authority provided under this subchapter shall not be liable for civil damages as a result of an act or omission in the course of an investigation or enforcement action."  18 Pa. Cons. Stat. § 5557.  Resolution of this issue is intertwined with the resolution of Ms. Gower's section 1983 unlawful search and seizure claim, which the Court has already found as deficient to state a claim.  Defendants' argument presupposes that the Court is able to conclude, as a matter of law, that probable cause for issuing the search warrant existed and that the humane society police officers were acting within the scope of their authority. Because Ms. Gower's section 1983, unlawful search and seizure claim is being dismissed, with

leave to amend, the Court is unable, at this time, to resolve the question of whether the officers are entitled to qualified immunity.

### G. Injunctive Relief Claim for the Return of Animals

Ms. Gower seeks the return of her seized animals. Defendants argue that she cannot obtain such injunctive relief, because she does not allege that she followed the procedures of Pennsylvania Rule of Criminal Procedure 588. Defendants rely on Willard v. Pa. SPCA, 525 F. App'x 217 (3d Cir. 2013), in which the United States Court of Appeals for the Third Circuit found that the plaintiff failed to state a claim for deprivation of procedural due process based on defendant's failure to return her dogs. The Willard Court explained that, "'[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate.'" Willard, 525 F. App'x at 221 (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir.2000)). The Willard Court held that, since the plaintiff "did not avail herself of Pennsylvania Rule of Criminal Procedure 588 or bring a tort claim for return of the dogs for conversion," both constitutionally adequate procedures to rectify an alleged legal error, plaintiff was unable to state a procedural due process claim. [1] Id.

In response, Ms. Gower argues that the Willard case is inapplicable, because she is not claiming a deprivation of procedural due process. [2] Ms. Gower also argues that she is not required to follow the procedures of Pennsylvania Rule of Criminal Procedure 588 before seeking such relief. In support, she relies on a Pennsylvania Commonwealth Court decision, in

---

[1] Ms. Gower does not allege that she has filed a state law tort claim for conversion seeking the return of her property, although she proposed to add a conversion claim in her proposed Second Amended Complaint.

[2] It is true that the relevant cases that rely on Willard, concern claims alleging a violation of procedural due process. See, e.g., Bello v. Edgewater Park Sewerage Auth., No. 15-6768 (RBK/KMW), 2016 WL 4689051, at *3 (D.N.J. Sept. 7, 2016) and Sheriff v. Hale, No. CV 14-4645, 2016 WL 4190390, at *14 (E.D. Pa. Aug. 9, 2016).

which that Court held that Pennsylvania's residual catchall statute of limitations applied to proceedings on a petition for the return of personal property seized by the police. In re Return of Pers. Prop., 180 A.3d 1288, 1293 (Pa. Commw. Ct. 2018). In that case, no criminal charges were filed against the plaintiff. The township, against whom plaintiff filed the petition for return of property, argued that because the underlying case did not involve criminal charges, Pennsylvania Rule of Criminal Procedure 588 did not provide a jurisdictional basis for the return of seized property. Id. Following careful review of the Commonwealth Court's opinion, this Court concludes that the Commonwealth Court did not make any Rule 588 pronouncement that answers the question of whether Ms. Gower may seek the return of her seized property through the present section 1983 action. Although Ms. Gower argues that she is merely seeking the return of her dog as part of her claim for relief, should she be successful in her case against Defendants, she does not allege any basis upon which she has any right to seek such relief. As she is not alleging a deprivation of her property without due process under section 1983, she has not set forth any other legal basis for her claimed entitlement to the return of her seized property. Therefore, her claim for injunctive relief for the return of property is dismissed, with leave to amend her Amended Complaint.

### H. Punitive Damages Claim

In her Amended Complaint, Ms. Gower seeks punitive damages against the individual Defendants. "Punitive damages may be awarded in a § 1983 action only where 'the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Smith v. Cent. Dauphin Sch. Dist., 419 F. Supp. 2d 639, 649 (M.D. Pa. 2005) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). In Smith v. Central Dauphin School District, the District Court considered plaintiff's contention

that the individual "defendants were unlawfully motivated by a desire to prevent the public from learning how they had unlawfully kept information from students and parents, while they demonstrated a blatant disregard for the rights and health of [plaintiff]." Smith, 419 F. Supp. 2d at 649. The Smith Court recognized that plaintiff's statement did "not specifically us[e] the words 'evil intent' or 'reckless or callous indifference;'" however it noted that the contention specifically asserted that defendants "intentionally disregarded [plaintiff's] federally protected rights." Id. The Smith Court found such allegations to be sufficient to survive defendants' motion to dismiss the punitive damages claim. Id. Similarly, in a case where the allegations were that the individual defendants had actual knowledge of the constitutional violation, and they failed to take appropriate action, and they treated plaintiff in a hostile manner, the District Court found those allegations to be sufficient to survive a motion to dismiss the punitive damages claim. Toplisek v. Canon McMillan Sch. Dist., No. CIV.A. 10-767, 2010 WL 4103645, at *6 (W.D. Pa. Oct. 18, 2010). The Toplisek Court similarly remarked that even though plaintiff did not specifically state the words "evil intent" or "reckless or callous indifference", the plaintiff did allege that defendants intentionally disregarded the plaintiff's federally protected rights. Id. See also Bell v. Lackawanna Cty., 892 F. Supp. 2d 647, 691 (M.D. Pa. 2012) ("A defendant's knowledge that he is acting in violation of federal law may suffice to establish reckless indifference in § 1983 civil rights cases," citing Alexander v. Riga, 208 F.3d 419, 431 (3d Cir.2000)).

In this case, Ms. Gower includes allegations that the humane society police officers knew the allegations made by the Doe Defendants were false, and that at least one of the officers knowingly relied upon the false statements in order to obtain a search warrant. As with the issue of qualified immunity, whether Ms. Gower can pursue punitive damages against the named

Defendants is intertwined with whether or not she is ultimately able to sufficiently plead a section 1983 unlawful search and seizure claim. The Court cannot rule on this argument until Ms. Gower files a second amended complaint, and pleads sufficient factual allegations to support her section 1983 claim of an unlawful search and seizure.

### III.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED without prejudice, for Plaintiff to file a curative amended complaint. Phillips, 515 F.3d at 236.

BY THE COURT:

Dated: February 4, 2019

Marilyn J. Horan
United States District Court Judge

## ORDER

AND NOW, this 4th day of February, 2019, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) (ECF No. 23) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is hereby DISMISSED, without prejudice. Plaintiff is granted leave to file a second amended complaint consistent with this Opinion no later than February 19, 2019. Defendants shall file a response within 14 days of the filing of a second amended complaint.

Marilyn J. Horan
United States District Court Judge